IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN SPRIGGS, | : | |
|    Petitioner | : | |
| | : | No. 1:24-cv-131 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN OF | : | |
| DAUPHIN COUNTY, *et al.*, | : | |
|    Respondent | : | |

## MEMORANDUM

Presently before the court is *pro se* Petitioner Norman Spriggs ("Spriggs")'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition will be dismissed without prejudice.

## I.  BACKGROUND

According to the petition, Spriggs is a pretrial detainee confined in Dauphin County Prison. (Doc. No. 1 at 2.) He filed his petition on January 18, 2024, and the court received and docketed it on January 23, 2024. (*Id.* at 9.) Spriggs asserts that Dauphin County does not have jurisdiction to prosecute him for a criminal offense. (*Id.* at 6-8.) He acknowledges that he has not raised his claim on appeal to any Pennsylvania appellate court, but argues that this court is the "proper forum for raising [a] jurisdictional challenge." (*Id.* at 4.)

## II. LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

## III. DISCUSSION

The court will exercise its discretion and dismiss this petition without prejudice pursuant to Rule 4.  A petitioner seeking habeas corpus relief prior to final conviction and sentence in state court may only obtain a writ of habeas corpus if (a) the petitioner makes "a special showing of the need" for habeas corpus relief and has exhausted state court remedies or (b) "extraordinary circumstances" justify habeas corpus relief.  *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (citing *Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484 (1973)).  Here, Spriggs acknowledges that he has not exhausted state court remedies, and he has not advanced any argument as to why "extraordinary circumstances" allow the court to issue a writ of habeas corpus.  Although Spriggs asserts that this court is the "proper forum" to challenge the jurisdiction of the state trial court, he does not provide any legal support for this assertion, and it appears to the court that

Spriggs's jurisdictional argument could be asserted in the appellate courts of Pennsylvania. Accordingly, dismissal of this case without prejudice is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Spriggs's petition for writ of habeas corpus will be dismissed without prejudice. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate Order follows.

                                      s/ Sylvia H. Rambo
                                      United States District Judge

Dated: February 27, 2024